## Frank H. Bolton *v.* Susanne B. Hey et al., Appellants.

*Mechanic's lien—Res adjudicata—Judgment.*

The judgment of a proper court puts an end to all further litigation on account of the same matter, and becomes the law of the case, which cannot be changed or altered, even by the consent of the parties, and is not only binding upon them, but upon the courts and juries ever afterwards, as long as it shall remain in force and unreversed.

On an appeal from an order refusing to enter a judgment on a scire facias sur mechanic's lien for want of a sufficient affidavit of defense, the Supreme Court construed the agreements between the parties as not conferring the right to file liens. The judgment was affirmed and a plea filed in the lower court. Before the trial the Supreme Court applied in other cases a different rule of construction with a different result to contracts of like tenor and effect. *Held*, that the trial court was bound by the rule laid down by the Supreme Court in affirming the judgment, notwithstanding the different rule laid down in subsequent cases.

Argued Feb. 15, 1895. Appeal No. 263, Jan. T., 1895, by defendants, from judgment of C. P. Delaware Co., June T., 1894, No. 6, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias sur mechanic's lien. Before CLAYTON, P. J.

The facts appear by the opinion of the Supreme Court.

The court directed a verdict for plaintiff reserving the following question of law:

"Whether the judgment of the Supreme Court, dated March 28, 1892, affirming the judgment of this court, dated the 4th day of November, A. D. 1891, discharging the rule for judgment for want of sufficient affidavit of defense filed to the original scire facias issued on the claim filed in this case of September Term, 1891, No. 172, is a bar to the right of the plaintiff to recover; and, if so, then judgment to be entered for the defendants non obstante veredicto."

The court entered judgment on the verdict. Defendants appealed.

*Error assigned*, among others, was entry of judgment for plaintiff on the verdict.

*Lewis Lawrence Smith, A. Lewis Smith* with him, for appel-
lants, cited on effect of the decision of the Supreme Court in
this case : Marsh v. Pier, 4 R. 288 ; Brenner v. Moyer, 98 Pa.
278 ; White v. Kyle, 1 S. & R. 521 ; Dushane v. Bank, 39 Leg.
Int. 280 ; Chouteau v. Gibson, 76 Mo. 38 ; Sturgis v. Rogers,
26 Ind. 1 ; Lucas v. San Francisco, 28 Cal. 591 ; Wells on Res
Adjudicata, sec. 6 ; Black on Judgments, sec. 527 ; Chand. on
Res Adjudicata, secs. 24, 296, 297.

*E. H. Hall, Robert N. Simpers* with him, for appellee, cited :
Cox v. Henry, 86 Pa. 445 ; Berger v. Long & Stewart, 31 L. I.
373 ; act of April 18, 1874, P. L. 64.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 27, 1895 :
This alias scire facias was issued March, 1894, on the same
mechanic's lien on which the original scire facias of 1891 was
issued.   That case was before us for adjudication two years
ago, and is reported in 148 Pa. 156.   Aside from the legal ef-
fect of our judgment and the subsequent proceedings in that
case, the parties, subject-matter of the controversy, etc., in both
actions, are precisely the same now as they were then.   The
original scire facias came here on appeal by plaintiff from re-
fusal of the court below to enter judgment for want of a suffi-
cient affidavit of defense.   The sole ground of the refusal was
that in the building contract of Oct. 11, 1890, between the
defendant Mrs. Hey and the contractor Frank R. Hill, and the
supplement thereto of same date, the right to file a lien against
the building etc. was waived by the contractor.   The sole ques-
tion in the court below and here was the construction of those
written instruments.   If, as defendants contended, the con-
tractor had agreed not to file any liens, the plaintiff had no
case.   The question was a purely legal one.   In sustaining the
construction given by the court below, this court, in a per
curiam opinion by the then chief justice said : " The learned
judge of the court below held that the affidavit of defense was
sufficient to prevent judgment.   In this we think he was right.
The case comes directly within the ruling in Schroeder v. Gal-
land, 134 Pa. 277.   Indeed, the contract appears to have been
drawn with reference to that decision, as its language is identi-
cal with the opinion of Mr. Justice GREEN.   We adhere to the

law of that case. It follows that the judgment of the court below must be affirmed."

In strict form, the entry of this judgment is not in the words of the act of 1874, P. L. 64. If it had followed the language of the act, it would read thus : " Appeal dismissed at the costs of plaintiff, but without prejudice," etc. ; but, it is nevertheless a judgment construing the building contract and supplement thereto, and holding that they in effect contain, inter alia, a covenant, on the part of the contractor, that no mechanic's lien shall be filed against the building. That being the cardinal, and in fact the only question in the case, the judgment was practically conclusive against the plaintiff's right to maintain the action of scire facias on the alleged lien, unless he could avoid its effect by proving a valid subsequent agreement relieving the contractor from the operation of his covenant against filing liens, or something equivalent thereto. Nothing of the kind was ever attempted for the reason doubtless that the covenant never was, in any manner, eliminated from the contract.

Following the adjudication in this court, a plea was filed in the court below, and on June 20, 1892, " judgment of non-suit against plaintiff " was entered. This was followed by a rule to take off the nonsuit, and on argument, Jan. 3, 1894, that rule was discharged. No exception was taken, and no further proceedings appear to have been had in the original scire facias. The alias scire facias, now before us, was afterwards issued. Defendants' pleas thereto are, nil debet, and three special pleas, viz: (1) The building contract ; (2) prior decision of the Supreme Court ; (3) entry of nonsuit in the original scire facias ; and certain matters of estoppel mentioned in the fourth assignment of error. There being no controversy as to the amount of plaintiff's claim, a verdict therefor was directed and taken subject to the opinion of the court on questions of law reserved. The points on which those questions arose are recited in the first, second and third specifications respectively. Judgment having been subsequently entered on the verdict in favor of the plaintiff, this appeal was taken.

One of the reserved questions presented in the third specification is whether the judgment of this court in the original scire facias, construing the building contract and, in effect,

holding that the contractor bound himself thereby not to file any liens against defendants' building, is a bar to plaintiff's recovery on the alleged lien? We think it is ; and the court below should have so held notwithstanding the subsequent ruling of this court in Nice v. Walker, 153 Pa. 123, and more recent cases. As we have already seen, the only question for adjudication in the original scire facias was whether the contractor had substantially agreed with the owner that no liens should be filed. The only way in which that question could possibly be determined was by construing the building contract and supplement thereto. These written contracts between the owner and the contractor were the only evidence of their agreement. They were accordingly construed by the court, and it was then and there adjudged that they did embody a contract against filing liens. That judgment thus became the law of the case, and having never been reversed or set aside, it is still the law of that case, notwithstanding a different rule of construction may have been since applied, with a different result, to contracts of like tenor and effect. As was said by Mr. Justice KENNEDY in Marsh v. Pier, 4 Rawle, 273, 289, the "judgment of a proper court, being a sentence or conclusion of law upon the facts contained within the record, puts an end to all further litigation on account of the same matter, and becomes the law of the case, which cannot be changed or altered, even by the consent of the parties, and is not only binding upon them, but upon the courts and juries ever afterwards, as long as it shall remain in force and unreversed." This case has since been cited with approval in Brenner v. Moyer, 98 Pa. 278, and elsewhere.

In Chouteau v. Gibson, 76 Mo. 38, the Supreme Court of that state, after referring to the fact that they and other courts of last resort have reversed their own rulings when they found that a rule laid down in a former decision was so unfounded in law or so mischievous in its consequences that they felt compelled to overrule it, proceed to say: "But while this may be and is often done, the right of a party to re-agitate and sue again upon the same cause of action adjudged in a case subsequently overruled in another case between other parties, or the same parties upon another cause of action, is concluded and forever gone." .

It follows from what has been said, that the judgment in the first scire facias was a bar to plaintiff's recovery in this case, and judgment for defendants should have been entered accordingly.

Judgment reversed, and judgment is now entered, non obstante veredicto, in favor of the defendants and against the plaintiff, on the reserved question specified in the third assignment of error.