## In re Estate of John Kalbfell.    Appeal of Henry W. Kalbfell.

*Executors and administrators—Inventory—Surcharge—Rehearing.*

Decedent, a shoemaker, entered into a wholesale liquor business with a partner. Four months afterwards the affairs of the firm were in such confusion that it was necessary to call in the aid of a professional accountant. Decedent died before the examination was concluded. His executor, who was his son, filed an inventory in which the decedent's interest in the firm was appraised at about $12,000. The surviving partner continued the business, and within four months from decedent's death, the firm was declared insolvent. The executor claimed credit for the amount of the appraisement because of the worthlessness of the firm interest. The court disallowed the claim. On a petition for rehearing the executor claimed ability to show various matters in regard to the value of the firm assets which he had not presented at the hearing by reason of having understood from the court that they belonged properly to the settlement of the receiver's account in the common pleas. *Held*, that the alleged discrepancy between the appraisement and the actual value is so great that the orphans' court, as a court of equity, should have granted the executor a rehearing.

Argued Oct. 25, 1897. Appeal, No. 56, Oct. T., 1897, by John Kalbfell, from decree of O. C. Allegheny Co., April T., 1896, No. 67, refusing a rehearing. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.  Reversed

Petition by an executor to have the decree upon his exceptions to his account reopened to enable him to submit further evidence.

It was alleged by the appellee that the executor was in a position to know the condition of the firm at his father's death, and the manner in which the business of the firm was carried on afterwards by the surviving partner, and he should not have permitted the surviving partner to buy new goods and conduct the business from the date of decedent's death, June 19, 1894, to October 3, 1894, the time when the executor filed his bill against the surviving partner for the appointment of a receiver.

The facts appear by the opinion of the Supreme Court.

*Error assigned* among others was (7) refusal to grant a rehearing.

*A. H. Rowand* and *James Fitzsimmons*, with them *H. H. Rowand, Jr.*, for appellant.—The executor had no power to take charge of the business of the firm, then in the hands of the surviving partner: Shipe's App., 114 Pa. 205; Kutz v. Dreibelbis, 126 Pa. 335.

*Richard B. Scandrett*, with him *Alex. Gilfillan* and *Alfred J. Niles*, for appellee.—The appraisement being made under the direction of this executor, he is estopped from denying it: DeHaven's App., 34 P. L. J. 211; Wood's Est., 1 Ash. 314; Gilson's Est., 18 W. N. C. 570; Noble's Est., 178 Pa. 460.

OPINION BY MR. JUSTICE MITCHELL, January 3, 1898:

The decedent who had accumulated a comfortable fortune as a shoemaker unfortunately invested a considerable portion of it in the wholesale liquor business. He became the financial partner in the firm and kept, or was responsible for the keeping, of such books as were kept at all. In four months the financial affairs of the firm were in such confusion that the decedent found himself obliged to call in the services of a professional accountant, and before the examination was concluded, on June 19, 1894, the decedent died. In July his son and executor, the appellant, had an appraisement made in which the decedent's interest in the firm was valued at $12,404.30. The

surviving partner either continued the business or wound it up slowly, making sales and new purchases, (the object and effect of his action being in controversy), and in October, less than four months from decedent's death, the firm was declared insolvent and put in the hands of a receiver. When appellant filed his account as executor he claimed a credit against the inventory and appraisement of $12,404.30, on the ground that this item was in fact worthless at the time it came into his hands. The court refused to allow the credit, surcharged him with the amount, and dismissed a petition subsequently filed by him for a rehearing. This is the substantial ground of appeal.

It will be readily seen from the foregoing outline that the case admits of a very wide divergence of views, on one hand, the appellant claiming that he had fair reason to suppose the capital his father had so recently put into the business gave his interest the value at which it was appraised, and the actual result was not through any fault of his, and on the other, the view adopted by the court, that his administration of the trust had been grossly negligent and incompetent if not corrupt. There was evidence which separately regarded tended strongly to each view. In the petition for rehearing, appellant claimed ability to show various matters in regard to the value of the firm assets which he had not presented at the hearing, by reason of having understood from the court that they belonged properly to the settlement of the receiver's account in the common pleas. It is quite true that counsel should have appreciated the distinction, and have put forward all the evidence relevant to the item of credit claimed as to the appraisement. But if, as is averred, they were misled, even though they should not have been, a court of equity may look at their case leniently. An appraisement is only prima facie evidence of value, and where the discrepancy is so great, and the consequences so serious, the hearing ought to be full. The disastrous course of the decedent's venture into a business with which he was unfamiliar undoubtedly began in his lifetime, and how far the executor could or ought to have foreseen and averted the final outcome, and whether his own conduct contributed to it, is a serious question. Having adopted and filed the appraisement, the burden of proof is of course on him to show that it was erroneous without fault of his, but a consideration of all the circumstances

leads us to the opinion that he should have a fuller opportunity to do so. So much of the petition for rehearing, therefore, as relates to the surcharge of $12,404.30 on the item for appraised value of decedent's interest in the firm of Berger & Kalbfell, should have been granted.

Decree reversed and rehearing awarded in accordance with this opinion.