## Allen's Estate.

*Appeals—Interlocutory order—Order on executor to file account—Executors and administrators.*

A decree of the orphans' court directing an executor and trustee to file an inventory and an account, is an interlocutory decree from which no appeal lies.

Argued Feb. 11, 1902. Appeal, No. 21, Feb. T., 1902, by plaintiff, from decree of O. C. Tioga Co., April T., 1901, No. 50, directing the filing of an inventory and account in estate of Jean M. Allen. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Petition for citation.

The court entered the following decree :

That the said Dyer J. Butts, executor and trustee of the estate of Jean M. Allen, deceased, shall make and file in the register's office of Tioga county, within ninety days from this date a full, accurate and complete account of his transactions as such executor and trustee, and that the said Dyer J. Butts pay the costs of this proceeding.

32, (1902).]    Assignment of Errors—Opinion of the Court.

*Error assigned* was the decree of the court.

*Horace B. Packer* and *David Cameron*, for appellant.

*Norman H. Ryan*, for appellee.

OPINION BY WILLIAM W. PORTER, J., April 21, 1902:

This appeal is taken from a decree of the orphans' court requiring an executor and trustee to file an inventory and an account. The petitioner has admittedly, under the decedent's will, an interest which gives her standing to require an account. The will relieves the executor from the duty of filing an inventory. The decree might well, in view of this direction, have been limited to an order for an account, since a proper accounting involves an exhibition of all of the testator's assets. But the order made by the court is essentially interlocutory: Starr's Estate, 3 Pa. Superior Ct. 212; Palethorp's Estate, 160 Pa. 316. Therefore the appeal is quashed.