## Tressler's Estate.

*Appeals—Interlocutory decree—Decree on citation—Order of inquest in partition—Quashing appeal.*

Neither a citation to an executor to file an inventory nor an order of inquest in partition is a final decree from which an appeal lies.

Argued April 18, 1910. Appeal, No. 212, Jan. T., 1909, by J. L. Tressler, from decrees of O. C. Centre Co., making absolute rule on executor to file an inventory and making absolute rule for an inquest in partition in Estate of Daniel J. Tressler. Before BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Appeal quashed.

Rule on executor to file inventory.

Rule for order of inquest in partition. Before ORVIS, P. J.

The opinion of the Supreme Court states the case.

*Errors assigned* were the decrees making absolute the rules in question.

*James A. B. Miller*, with him *John G. Love*, for appellants.

*W. D. Zerby*, with him *S. D. Gettig* and *John J. Bower*, for appellee.

PER CURIAM, May 16, 1910:

The appellee, as the widow of Daniel J. Tressler, after having filed her election to take against his will, presented two petitions to the court below. The one was for a citation to the executor to file an inventory and the other was for a citation directed to all parties interested in the real estate of the deceased to show cause why an inquest in partition should not be awarded for the pur-

pose of fixing and setting out petitioner's dower. On each of these petitions a rule issued to show cause why its prayer should not be granted. An answer was made to each rule, averring that, for ten years before the death of the decedent, he and the appellee had lived apart under articles of separation, by the terms of which she had relinquished all interest in his estate. Upon hearing on the petitions, answers and testimony taken, each rule was subsequently made absolute, and on one appeal the appellant seeks to have reviewed what was done by the court below in two separate and independent proceedings. As his appeal must be quashed, we need not further consider this. Neither a citation to file an inventory nor an order of inquest in partition is a final decree from which an appeal lies: Allen's Est., 20 Pa. Superior Ct. 32; Palethorp's Est., 160 Pa. 316; Christy's App., 110 Pa. 538; Wistar's App., 115 Pa. 241.

Appeal quashed.