# Parmer's Estate.

*Appeals—Interlocutory decree—Executors and administrators —Decree to file account.*

1. A decree directing executors to file an account is not a final decree from which an appeal lies.

*Executors and administrators—Citation—Decree to file account—Direction to executors to charge themselves with moneys— Practice, O. C.*

2. The Orphans' Court, in making absolute a rule to show cause why a citation to an executor to file an account should not issue, has no jurisdiction to direct in the same decree that the executors shall charge themselves with a sum of money stated, "and interest, and with any and everything else with which they may be properly charged, after which the court will make the distribution."

Argued May 13, 1912. Appeal, No. 292, Jan. T., 1911, by Henry K. Palmer, from decree of O. C. Lancaster Co., Aug. T., 1905, No. 4, ordering Henry K. Palmer and Emanuel R. Palmer, Executors of Henry J. Parmer, deceased, to file an account in Estate of Henry J. Parmer. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Rule of citation on executors. Before SMITH, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*B. F. Davis,* for appellant.

*H. Frank Eshleman,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, July 2, 1912:

Henry J. Parmer died May 25, 1905, testate, and letters testamentary were duly issued to Emanuel H. Palmer and Henry K. Palmer. No inventory of the estate was filed by the executors, and no account has yet been filed by them. On March 2, 1911, Eva Huss Stigelman, a niece and legatee under the will of the decedent, presented her petition to the Orphans' Court setting forth, inter alia, her interest in the estate, the names of the other parties interested therein, that a certain sum was due her from the executors, and praying that a citation be issued to Henry K. Palmer, executor, who had charge of all of the funds of the estate, commanding him to file an account, and upon adjudication thereof, to pay over to her the amount shown to be due. The court granted a rule to show cause why a citation to file an account should not issue. A copy of the rule is not printed, and there is nothing in the paper book to show against whom it was issued. Henry K. Palmer filed an answer and supplemental answer and, for the reasons therein set forth, prayed that the rule be discharged at the costs of the petitioner. The case was heard on the petition, answer and depositions, and the learned court below made the rule absolute. In the opinion of the court making the rule absolute it is said: "In making this rule absolute we order Emanuel R. Palmer and Henry K. Palmer, as executors of the will of Henry J. Parmer, deceased, to charge themselves with twenty-five hundred dollars, and interest, and with any and everything else with which they may be properly charged, after which the court will make the distribution." This appeal is taken by Henry K. Palmer from the decree of the court making the rule absolute and awarding a citation, and surcharging the

executors with twenty-five hundred dollars. The first assignment alleges that the court erred in making the rule absolute, and the second assignment alleges error in that part of the opinion and order which we have quoted. The first assignment cannot be sustained. The decree making the rule absolute and directing the executors to file an account is not a final decree from which an appeal lies: Palethorp's Est., 160 Pa. 316; Starr's Est., 3 Pa. Superior Ct. 212; Allen's Est., 20 Pa. Superior Ct. 32.

The second assignment of error must be sustained. The court manifestly misunderstood the purpose of the proceeding instituted by the legatee. The executors had not filed an account of their administration of the estate, and it was solely for the purpose of compelling them to do so, that Mrs. Stigelman could and did institute these proceedings. As we have just ruled, no appeal lies from that decree and, hence, it must be obeyed. The court, however, in directing the executors to charge themselves with any specific sum was in error. That question will arise when the account is filed. If the executors fail to charge themselves with any part of the assets of the estate, the court will, on proper exceptions being filed, surcharge them. Whether they should be surcharged with any assets in addition to the estate shown by the account to be in their hands is a question to be determined on the adjudication of the account, and not on an application for a citation to compel the executors to file an account. The order directing the executors to charge themselves with any sum whatever was, therefore, premature, and should not have been included in the decree making absolute the rule to show cause why a citation should not issue requiring the executors to file an account. The surcharge fixed the executors for the amount, and therefore that part of the decree was final and an appeal lies.

The appeal from the part of the decree making the rule absolute and directing the executors to file an ac-

count is quashed, and the part of the decree directing the executors to charge themselves with twenty-five hundred dollars and interest is reversed.