Sellers et al., Appellants, *v.* Hanratty.

Argued October 3, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*J. I. Hook,* with him *A. H. Sayers,* for appellants.

*James W. Hawkins,* with him *William N. McNair* and *T. H. Shannon,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, December 5, 1938: This record is in very unsatisfactory shape for our review. The proceeding is on a bill in equity for the dis-

solution of a partnership and for an accounting. The last order made by the chancellor is entitled "amended decree nisi."

The court, in this decree, appointed a temporary receiver and directed that defendant account to plaintiffs. The propriety of this order is the only question now before us: *Davidson v. Davidson,* 262 Pa. 520, 106 A. 64; *Rowley v. Rowley,* 289 Pa. 171, 137 A. 226. It is argued by appellants that an account was rendered at the hearing and that the filing of a further account will only result in a waste of time and money. The account made at the hearing, however, apparently was incomplete. Its accuracy is seriously questioned. Under these circumstances, it cannot be said that the court erred in ordering a complete accounting and a final adjudication thereof in order to determine with accuracy the exact sums, if any, to which appellants are entitled.

The court also determined that there was no partnership but that the parties were tenants in common of the two gas wells, the subject of the controversy. Evidently those persons associated with defendant prior to the time plaintiffs acquired their interest intended to form a limited partnership, but nothing was done to accomplish this. When plaintiffs were brought into the enterprise, just what its status was is somewhat difficult to determine. The parties spoke of it at times as a partnership but this did not make it so. After a hearing, which consumed fifteen days, the court below reached the conclusion above stated, that no partnership was established.

The real questions which seem to be involved are whether defendant, who claims to have managed the properties for the benefit of the others in interest, as well as himself, is entitled to be compensated for his services, and whether plaintiffs are entitled to a sale of the gas wells and a distribution of the proceeds; these questions await determination by the court below. When they are decided, the case will then be in shape for appeal and review, if the parties so desire. Under certain

circumstances, as we now see the situation, the answer to these questions may not depend on whether the relation of the parties is that of partners or of tenants in common. They are in equity and it would seem that their rights in the joint business can be worked out under equitable principles.

The record is remitted to the court below for further proceedings. Costs to abide the result.