Ziegler's Appeal.

Submitted March 12, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*Chas. E. Workman,* for appellant.

*F. Lyman Windolph,* of *Windolph & Mueller,* for appellee.

OPINION BY BALDRIGE, J., April 10, 1940.

Helen Zeigler executed a voluntary deed of trust dated May 23, 1929, to H. S. Hiestand as trustee. On October 18, 1938 the trustee filed a first and final account. Exceptions filed thereto were dismissed and the account was confirmed absolutely. The court thereupon filed a schedule of distribution of a balance of $571.69, after deducting certain claims and costs, which amount was awarded by the court to a trustee to be appointed as the present trustee asked to be discharged. This appeal followed.

The appellant, in behalf of herself and minor child, Robert Kauffman, had previously filed a bill in equity praying that the deed of trust be cancelled and that the trustee be directed to file an account. The evidence in that proceeding disclosed that there was less than $1 in the hands of the accountant. The learned court below dismissed the bill and upon appeal to this court *(Kauffman et al. v. Hiestand,* 131 Pa. Sup. Ct. 219, 200 A. 251) we affirmed the decree.

The appellant's first contention in this appeal is that the account was improperly stated, in that the accountant failed to separate items of principal from those of interest. It is conceded that there is no rule of the Court of Common Pleas of Lancaster County that such a segregation be made. Undoubtedly, that is a better and a more approved practice. Under the terms of this deed of trust, however, the trustee had the right to use the principal as well as the income for the maintenance and support of the appellant, and this was done. The trustee asserts that in this instance the method used was advisable as the true situation was more clearly disclosed than if the usual manner of stating an account had been followed. Due to the fact that the interest was insufficient to meet expenses there was no balance of income. The accountant, by consolidating the items, avoided claiming credit for the deficiency of income against the principal. The auditing judge and

the court in banc concluded that the method adopted in view of the circumstances present was proper and approved thereof.

The appellant cites *Nirdlinger's Estate,* 327 Pa. 171, 193 A. 30, which has to do with the apportionment of loss of principal between life tenant and the remaindermen. We are not concerned here with the questions discussed and there decided. We find ourselves in accord with the court below on this question.

The second proposition of the appellant is that her indebtedness should not have been paid from the funds for distribution. In the equity proceeding the record disclosed that a list of bills which she had incurred for her own benefit, and expressly admitted to be owing, were not paid by the trustee as he was authorized to do for the reason that he was then without funds. Thereafter, under a final distribution of the proceeds from a mortgage under which he had held a participating certificate, he was awarded and received the monies included in his account. When the present account was filed the accountant attached thereto a list of the unpaid bills, with a note stating that he would ask that they be paid at the time of the auditing of the account and that credit be given therefor. When these bills were presented, counsel for appellant did not deny that they were properly incurred or were justly owing. It is not so contended now. True, the individual creditors did not present their respective claims, but, admittedly, the indebtedness was incurred in behalf and for the benefit of Helen Zeigler.

The accountant simply did his duty in bringing this indebtedness to the attention of the auditing judge who allowed the several claims and his action was approved by the court in banc. In *Thornton v. Koch et al.,* 317 Pa. 400, 176 A. 3, an entirely different factual situation existed and that decision affords no aid to the appellant herein. We find no just reason why these creditors should not be paid from the fund for distribution.

The appellant's third complaint is that the trustee, in his account, claims credit for a loss on his investment which was in the sum of $2,346.40 from which he received as a "final dividend" $1,035.38. This money was originally invested in a participating certificate issued by the Lancaster Trust Company, the record holder of a trust mortgage. The assistant secretary of the Farmers Bank and Trust Company of Lancaster, which was substituted as trustee for the Lancaster Trust Company, testified, without objection, that the bank had made a final distribution, the schedule of which was offered in evidence, of the proceeds of the mortgage under the order of the court; that the bank had paid to Hiestand as trustee, the sum of $1,035.38 upon the surrender of the participating certificate, without any deduction for commissions or counsel fees.

Appellant contends that there was no writ of scire facias issued, and it was not shown that no more money was due or could be collected on this mortgage; that due to the lack of this definite proof it could not be said that the dividend was final. The appellee states, and it was not contradicted, that this property covered by the mortgage was sold under an execution issued on the accompanying bond. In any event, we think the proof was sufficient to support the conclusions that the amount received by the trustee was a final dividend, and that no further sum can be collected on the participating certificate.

The last question raised is that the trustee was allowed a credit for the loss under a mortgage in an amount greater than two-thirds of the value of the premises mortgaged. In the former appeal before this court, it appears that the certificate issued by the Lancaster Trust Company was under a mortgage in the sum of $65,000 which covered certain premises having the appraisal value of $92,000, and, therefore, the appellant argues, the trustee was not entitled to claim a credit

for the loss sustained as the investment was improvident and unlawful.

This was the issue which was raised and decided in the previous appeal where the same parties were involved. We there expressly held, in affirming the lower court, that the security was legal and that the trustee in making the investment, acted in a reasonably prudent manner and tried to preserve the funds in his hands. The propriety of that investment was, therefore, finally determined by this court. An allocatur was refused by the Supreme Court: 131 Pa. Sup. Ct. XXXIII. The entire record of this equity case was offered in evidence in this proceeding in the court below. The matter now pressed before us, having been considered and judicially determined once is not now subject to review. Our disposal of this contention in the former case is conclusive: *McGunnegle et al. v. Pittsburgh and Lake Erie R. R. Co.*, 269 Pa. 404, 112 A. 553.

We may add that when the appellee acquired the participating certificate on June 10, 1929, the Act of Assembly approved April 26, 1929, P. L. 817, (20 PS §801) amending the Fiduciaries Act, providing that mortgages eligible for the investment of trust funds must not exceed two-thirds of the fair value of the real estate covered by the mortgage, was not applicable to trusts inter vivos. The Fiduciaries Act of June 7, 1917, P. L. 447, (20 PS §321) defines the term "fiduciary" to "include executors, administrators, guardians, and trustees ...... *subject to the jurisdiction of the orphans' court of any county of this Commonwealth."* (Italics supplied) Trustees of trusts inter vivos were not subject to the jurisdiction of the orphans' court until concurrent jurisdiction was conferred by the Act of June 26, 1931, P. L. 1384, (20 PS §2253a).

In re *Parmer's Estate,* 237 Pa. 229, 85 A. 148; *Sellers et al. v. Hanratty,* 332 Pa. 185, 2 A. 2d 735; In re *d'Happart's Estate,* 132 Pa. Sup. Ct. 326, 200 A. 927,

and other cases cited by the appellant in no way conflict with the conclusion we have reached.

We find no merit in appellant's assignments of error. Decree is affirmed at appellant's costs.