## Sellers et al., Appellants, *v.* Hanratty, Appellant.

Argued October 7, 1941. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*O. R. Hughes,* with him *James W. Hawkins,* for ap-
pellant No. 177, appellee No. 180.

*J. I. Hook,* with him *A. H. Sayers,* for appellants
No. 180, appellees No. 177.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, Novem-
ber 24, 1941:

This litigation has been going on for almost six
years. The chancellor, who heard and disposed of it,
says, in his opinion, it has constantly been before him.
More than eighty witnesses have testified. Two hundred
and forty exceptions were filed. There are fifty-six as-
signments of error. This is the second appearance of the
case before us. On the first occasion (*Sellers v. Han-
ratty,* 332 Pa. 185, 2 A. 2d 735) we observed, as we then
saw the situation, that it might not be necessary, in
order to work out the rights of the parties, to decide
their relation (whether that of partners or tenants in
common), that they could be worked out under equita-
ble principles, and we sent the controversy back to the
court below for further proceedings. We further stated
(p. 186) that when plaintiffs were brought into the en-
terprise out of which their differences arise "just what
its status was [whether a partnership or a tenancy in
common] is somewhat difficult to determine." We think

this statement can again be repeated. We are now confronted by appeals by both parties.

To recite all the details connected with the matter would be productive of nothing so far as the precedential effect of our decision is concerned. The case is one of interest only to the parties. Suffice to say that Hanratty and one Chambers purchased some gas wells. They had an equal half interest. They called their venture Hanratty Domestic Fuel Supply. However Hanratty considered it, Chambers regarded it as a partnership. He so called it in the paper in which he parted with his interest. His assignees and Hanratty intended to form a limited partnership. For some reason this was not carried out. When plaintiffs came into the picture, they evidently thought they were acquiring an interest in a partnership and their original bill was filed on this assumption. The business, that of furnishing gas to a community, was carried on by Hanratty. He operated the properties and collected and disbursed the receipts for years. In order to do so, he moved from the town where he was living to the one whose inhabitants used the gas. He exhibited no accounting to his co-owners until the long and complicated one before us. He claims compensation for the work he did at the rate of $250 per month, aggregating $30,500, the chancellor fixed compensation at $162.50 per month, and after considering great numbers of items of charge amounting to $90,135.54 and credits of $101,885.24, surcharged him in the sum of $17,330.76 and awarded him the net amount of $3,418.94.

Summarizing defendant's positions, from the statement of questions involved, they are (1) that the property consisting of real estate was held by the parties as tenants in common, not as partners and therefore cannot be sold, as the court decreed, under a bill filed to dissolve a partnership; (2) that a receiver should not have been appointed to sell property held in common, where there was no insolvency, where partition had not been asked for or made; (3) errors were made in the

matters of account; (4) the court improperly entered an order after appeal taken. We see no impropriety in that order under the circumstances. The chancellor had a far better opportunity to pass upon the complicated accounts than we have; our review of them leads us to the conclusion that he reached a just result when the entire situation is examined. The practical question would seem to be: How much money is the defendant, Hanratty, entitled to receive out of the joint enterprise, whether it be a partnership or a tenancy in common? He contends that he was not awarded enough, plaintiffs that he has been given too much. So far as the appointment of a receiver is concerned, we think it was justified to preserve the property and the rights of all parties concerned and to bring about by a sale the equitable distribution of the proceeds: High on Receivers (4th Ed.), section 606, p. 758; 47 C. J. 397. In connection with defendant's first proposition, while the bill in equity as first filed sought to dissolve an alleged partnership, it was amended so as to aver a tenancy in common, a joint association or a partnership. Equity has jurisdiction in partition and even if the relation of the parties be that of tenants in common, equity will work out their rights: Acts of March 17, 1845, P. L. 158, section 3, 17 PS section 290, and July 7, 1885, P. L. 257, section 1, 17 PS section 291; *McCabe v. Ivory*, 338 Pa. 572, 14 A. 2d 331. The real complaint of defendant on this feature of the case is, as we gather it, that certain preliminary steps necessary in a partition proceeding were not taken. Under the circumstances here present, considering the long litigation, the effort spent, the cost and the amount involved, we think it would not be the proper or the just course to send the case back, so that the preliminary steps may be carried out when, if they should be, we would be just where we are today, with an order for the sale of the property. One of the real purposes of the proceeding was to compel an account and as such equity had unquestionable jurisdiction: Act of April 25, 1850,

P. L. 569, section 24, 17 PS sections 287-288; *McIntosh v. Ropp*, 233 Pa. 497, 82 A. 949; *Williams v. Finlaw, Mueller & Co.*, 292 Pa. 244, 141 A. 47.

All of the questions raised by plaintiffs on their appeal have to do with the accounting. We have considered them all and believe that none has merit.

We think the maxim, that it is in the interest of the Republic that litigation shall end, applies with full force to this long litigated controversy.

Decree affirmed, costs divided.