Schroeder Estate.

Argued April 12, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Rowland C. Evans, Jr.,* for appellants, Nos. 96 and 116.

*Wesley H. Caldwell,* with him *William Henry Snyder, Jr.,* for appellants, Nos. 118-122, incl.

*J. Russell Breitinger,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 21, 1945:

These appeals are from a decree of an orphans' court construing a will.

Testatrix bequeathed the residue of her estate ". . . to my only child and son Edgar for his support and maintenance which to be taken of the interest of my estate until he will be at the age of Twenty Five years when he may be put in possession of the entire amount and value of the Estate. . . . In case of death of my husband Albert Schroeder and of my son the entire amount and value of my estate I hereby give devise and bequeath to [as stipulated]. . . ."

The son alone survived, and died intestate after attaining 25 years. The single question is whether under the terms of the will the son possessed an absolute estate or was limited to a life estate. The court below decided that an absolute estate passed to the son. While we entertain no doubt concerning the correctness of this interpretation, we affirm the decree upon the ground that the matter is now res adjudicata.

Upon two previous occasions the court below construed this will as passing an absolute estate to the son. No appeals were taken and both adjudications became absolute. Those judgments put an end to all future litigation and became the law of the case: *Bolton v. Hey,* 168 Pa. 418, 31 A. 1097; *Devine's Estate,* 199 Pa. 250, 48 A. 1072; *Lafferty's Estate,* 230 Pa. 496, 79 A. 711; *Reamer's Estate,* 331 Pa. 117, 200 A. 35.

The appellants, who then regarded themselves as the sole presumptive heirs and next of kin of the son, as well as the remaindermen, stipulated in writing that the son possessed an absolute estate. In 1936 they requested the auditing judge to reaward the fund to a trustee for the sole benefit of the son. At that time, and for some years previous thereto, the son was *non compos mentis* and therefore disqualified from receiving the fund. The appellants wished to avoid the expense of an appointment of a committee or guardian. They contemplated that the son should use the principal and income of the estate for his maintenance, support and care, and at his decease

they would become entitled thereto. The auditing judge complied with this request, but noted that the procedure was irregular. Compare *Martin Estate,* 349 Pa. 255, 256, 36 A. 2d 786. An orphans' court is a court of limited jurisdiction, exercising only such power as is given by statute: *Cutler's Estate,* 225 Pa. 167, 73 A. 1111; *Cutter's Estate,* 286 Pa. 505, 134 A. 489; *Watson's Estate,* 314 Pa. 179, 170 A. 254; *Mains's Estate,* 322 Pa. 243, 185 A. 222. No jurisdiction is conferred upon an orphans' court to supervise the administration of the estate of an adult person who is *non compos mentis.* It is abundantly clear, however, that the award to the trustee was for the sole and exclusive use of the son and for no other persons. The auditing judge supplemented his award with these words: "without prejudice to the rights of (the son) to appear . . . at any future time and request termination of the trust." This award was made on March 19, 1936. Seven years later, on March 15, 1943, upon the audit of the second account of the trustee, the auditing judge, reciting all the foregoing facts, stated that the son *"became entitled to the principal in remainder upon attaining the age of twenty-five years"* and reawarded the fund to the trustee "upon the same uses and purposes as directed in the aforesaid adjudication of March 19, 1936" and repeated the right given to the son to appear and request termination of the trust.

Despite the two adjudications made at the written request of the appellants, they now object to the award of the fund to the administrator of the estate of the son, who died April 8, 1943. They claim that the son possessed but a life estate and that they are the remaindermen. It appears from the record that the real reason for appellants' reversal in position is that other claimants have appeared who maintain that they are nearer in consanguinity to the son than the appellants. The assigned reason for attempting to repudiate their stipulation, upon which the court acted, is that appellants say that

had they then known of the existence of such adverse claim, they would not have agreed to the will construction. Such a contention is without merit and on this record cannot be considered.

The appeals are dismissed and the decree affirmed. Costs to be paid from the estate.