Rogers Estate.

Argued October 7, 1954. Before STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*W. Davis Graham,* for appellant.

*E. O. Golden,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 15, 1954:

The basic controversy is whether or not Richard G. Rogers, son of Sue G. Rogers, the testatrix, received approximately $10,900.00 from his mother, in her lifetime, with directions from her to place it in her safe deposit box to which he had joint access. Apparently this the son failed to do. As executor of his mother's estate he has not included such sum in his inventory and appraisement. Under the will testatrix's son, appellant, was devised and bequeathed the entire estate and was named the sole executor. Testatrix's husband, Dr. Charles A. Rogers, appellee, survived and elected to take against the will. He filed *exceptions* to the *inventory and appraisement* upon the ground that the executor should have charged himself with the fund above mentioned. The son filed an answer denying "that he owes the said estate approximately Eleven thousand ($11,000.00) Dollars" and demanded a jury trial. After a hearing the orphans' court granted an issue to be tried by a jury. The son has appealed.

In the settlement of a decedent's estate disputed title to property should not be determined upon exceptions to an inventory and appraisement which happens not to include the property claimed on behalf of the estate. The function and object of an inventory and appraisement in a decedent's estate is to fix *presumptively* the existence of property in the possession of the fiduciary and the value thereof. This is only *prima facie* evidence of ownership and value. Such listing does not affect the true ownership and value: *Stewart's Estate,* 137 Pa. 175, 20 A. 554; *Moore's Estate (No. 1),* 211 Pa. 338, 60 A. 987; *Hermann's Estate,* 226 Pa. 543, 75 A. 731; *Fleming's Estate,* 10 Dist. 259 (PENROSE, J.). The question of ownership is of interest to creditors, federal and state taxing authorities, and others. Such title, therefore, should not be finally determined until after an audit, with due stat-

utory notice, and the determination by the orphans' court whether or not a substantial issue of fact exists. It is true that in *Leadenham's Estate,* 289 Pa. 216, 137 A. 247, a citation on the fiduciary to file a supplemental inventory embracing the disputed property was impliedly approved as a procedure for determining the question of title. Nonetheless, the proper procedure is as we have hereinabove indicated and is, therefore, to be followed.

The executor, appellant, should be required to file an account. At the audit a claim for surcharge may then be presented against the fiduciary for the amount of money which belonged to decedent at the time of her decease and alleged to be in his possession.

There is testimony in this record that the money in question was handed to the son by the decedent, with direction to place it in her safe deposit box, which he did not do. No evidence was presented by the son denying the foregoing testimony, nor was a claim made by him of a gift or other ownership. If at the audit of the account it should appear that the appellant holds this fund merely as custodian for the estate, the court will direct that it be placed in the fiduciary's account for distribution. Should, however, the son deny ever receiving such money or, having received it, claim that he disbursed it in accordance with testatrix's direction or should the son claim it as a gift, the court shall proceed to ascertain if a *substantial dispute* exists. If it does, then the executor, as an individual, has the undoubted right to demand and secure the award of an issue to be tried by a jury. Even in the absence of demand, where a substantial dispute exists, it is the duty of the court to award an issue: *Cutler's Estate,* 225 Pa. 167, 73 A. 1111; *Williams' Estate,* 236 Pa. 259, 84 A. 848; *Schroeder Estate,* 352 Pa. 170, 42 A. 2d 617; *Colison Estate,* 356 Pa. 531, 52 A. 2d 184; *Perri v. Chiavaroli,* 370 Pa. 495, 499, 88 A. 2d 798.

Under the Act of August 10, 1951, P. L. 1163, Art. VII, Sec. 745 (b), 20 PS 2080.745 (b), which codified the prior law, it is provided: *"When a substantial dispute of fact shall arise* concerning the decedent's title to property, real or personal, any party in interest shall be entitled to a trial of this fact by a jury." (Italics supplied)

The order is reversed and the record remanded to the court below to proceed as herein directed. Costs to abide the event.