## Trumbower Estate

*M. Paul Smith,* for petitioners.

*High, Swartz, Childs & Roberts,* for executrix.

KNIGHT, P. J. (specially presiding), January 19, 1955.—Margaret and Susan Pusey are minors who are parties in interest in the above estate.

Acting by their guardians they filed a petition setting forth the following facts which at the present state of the pleadings we must assume as true: (1) That Margaret P. Wismer is executrix of the will of the testatrix; (2) that executrix has filed an inventory in which she did not include the following assets of decedent's estate:

A. Assets of Flora K. Trumbower of a value of $12,000, which were acquired from decedent either by

Margaret P. Wismer or her husband at a time when decedent was incompetent and when Mrs. Wismer and her husband stood in a relation of trust and confidence to decedent.

B. Funds of decedent to an amount of not less than $17,000 acquired monthly for several years by Margaret P. Wismer under the same conditions as set forth under A.

C. Entry in the inventory filed of the item: "Possible claim against Arthur J. Wismer, decedent's agent under power of attorney—Value unknown" when the executrix knew the amount of the obligations of Arthur J. Wismer to decedent.

On this petition a citation was awarded commanding the executrix to show cause why she should not file a supplemental inventory containing the above items. To this citation the executrix has filed preliminary objections.

Whether exceptions can be taken to an inventory, or to accomplish the same purpose, a fiduciary can be compelled to file a supplement thereto has been a question involved in some doubt. In several of the lower courts it has been held proper practice. See December 1954 issue of the Fiduciary Review. In October of 1954 the Supreme Court, in the case of Rogers Estate,. 379 Pa. 494 (1954), held that the filing of exceptions to an inventory was improper and that such alleged assets as are contemplated by the present petition must await the audit of executrix's account for determination as to their validity. What was said in the above case as to exceptions to the inventory in our opinion applies with equal force to a citation to show cause why a supplemental inventory should not be filed.

In reference to item C the writer of this opinion has some personal knowledge. He presided over a court of common pleas while Arthur J. Wismer underwent

under oath a searching examination as to his assets. After hearing that examination it is obvious to the writer that no matter what the amount of the obligations of Arthur J. Wismer to decedent's estate may be, their value at this time is unknown. To put any amount in the inventory might lead to a loss to the estate.

And now, January 19, 1955, the preliminary objections are sustained and the citation discharged without prejudice.