## Searight Estate

*Merrill F. Hummel* and *Robert M. Frey*, for Estate of Martha A. Searight, deceased.

*George B. Stuart*, for J. Bruce Stuart.

*William F. Martson*, for auditor.

SHUGHART, P. J., December 31, 1957.—We have before us for disposition exceptions filed to the report of an auditor appointed to make distribution of the balance in the hands of the administrator d. b. n. c. t. a. after filing his first and final account in the above estate.

All of the exceptions apply to a provision of the will of testatrix who died April 8, 1898, having first made her last will and testament dated January 8, 1897.

The portion of the will involved provides as follows:

"All the rest and residue of my estate I give, devise and bequeath unto my four children Minnie M., Amelia E., Barbara E., and John S. Searight. All bequests and devises made to my son, John S. Searight are however upon the *express condition that he shall pay to my estate all indebtedness of him to myself* whether the obligations evidencing the same are under seal or not, and should he fail to do so my will is that he shall not share in my estate as a devisee or legatee except to the extent of one thousand dollars as provided for in Item 6 of my will which said bequest shall be received by him in any contingency, the other legacies and devises heretofore made to him are revoked." (Italics supplied.)

No proof was submitted at the hearing that John S. Searight was indebted to testatrix in any manner at the time of her death and the learned auditor, therefore, found as a fact that he "was not so indebted." In conformity to the finding, he awarded a one-fourth share of the balance for distribution to the heirs of John S. Searight.

Exceptant is one of the heirs of Barbara E. Searight (Stuart), who was one of the four residuary legatees under the will. In substance, it is the contention of exceptant that, under the provision of the will quoted above, *the burden rested upon John S. Searight or his heirs to show* that John was not indebted to his mother at her death before his heirs are entitled to share in the balance in the hands of the accountant.

The ultimate settlement of this estate has been delayed because testatrix gave her husband the income from her estate for his life and, following his death, gave her two daughters, Minnie and Amelia, the house and lot which she occupied "so long as they remained unmarried." She further provided for the sale of the property upon the death or marriage of both daughters. It was only after the death of Amelia on October 10, 1954, that the property was sold. The balance for distribution consists of the proceeds of that sale less the costs of administration.

The inventory and appraisement filed in the estate of Martha A. Searight on June 28, 1898, or less than three months after her death, indicates that her personal property consisted of household furnishings with a total value of $245.35. Section 5 of the Act of February 24, 1834, P. L. 73, which governed the settlement of estates at the time of the death of testatrix provided, inter alia: "All bonds, notes, and other evidences of debt, also all other claims and demands for money, or any other personal property owned or held by the decedent at the time of his decease, shall . . . be included in the inventory to be made and returned as aforesaid."

Inferentially, therefore, the failure to list any indebtedness by John S. Searight in the inventory affords at least some evidence that no such debt was in existence at the death of the testatrix. None of the witnesses

called before the auditor was able to offer any testimony regarding any such indebtedness. Exceptant did not attend the hearing but was represented by counsel.

If the position of exceptant were sustained, an unduly heavy burden would be cast upon the heirs of John S. Searight. First they were called upon to show that John was not indebted to his mother or, secondly, that he was indebted at the writing of the will and that the debt had been paid by the time of the death of testatrix.

We are not called upon to decide what the situation would have been if the will had referred to a specific obligation owing testatrix by her son. Here, however, where under the terms of the will it is not certain that an indebtedness was ever in existence or whether the will was merely being anticipatory that there might be such, we feel that the learned auditor correctly held that the burden rested upon those who would exclude John S. Searight to show that such indebtedness existed.

Even if the burden of proof rested with the heirs of John S. Searight, in view of the mandatory provisions of section 5 of the Act of 1834, ante, the absence of reference in the inventory to any such debt would constitute prima facie proof of the negative, so as to cast the burden of proof upon those who seek to establish such indebtedness. "The function and object of an inventory and appraisement in a decedent's estate is to fix *presumptively* the existence of property in the possession of the fiduciary and the value thereof. This is only *prima facie* evidence of ownership and value": Rogers Estate, 379 Pa. 494.

A number of earlier cases held that the appraised *value* of goods as shown in an inventory regularly made and filed is prima facie correct, but may be rebutted by competent evidence: Stewart's Appeal, 110 Pa. 410; Stewart's Estate, 137 Pa. 175; Kalbfell's Estate, 184

Pa. 25; Semple's Estate, 189 Pa. 385; O'Leary Estate, 2 Wash. Co. 132. All of these cases were decided when the filing of inventories was governed by the Act of 1834, supra. By analogy, the listing of the assets is likewise prima facie correct and the burden of proving that there were some items unlisted rests upon those who so contend.

Certainly after more than a half century the heirs of John S. Searight are entitled to have the inventory which was filed shortly after the death of decedent accepted as prima facie evidence of the extent of her property, including debts due and owing to her, and thus place upon those who would dispute it the burden of proving that some property belonging to the estate was omitted therefrom. The propriety of this ruling is strengthened by the fact that the person to whom the letters were issued was Minnie M. Searight, one of the daughters of testatrix, whose share in the residuary estate would have been increased by one third of one quarter if the legacy to her brother John S. Searight were voided by his failure to meet the conditions outlined in the will.

The cases cited by exceptant to the effect that the burden rests upon claimant to show a compliance with a condition precedent are not applicable: Adams · v. Johnson, 227 Pa. 454. Had there been evidence that John S. Searight was indebted to his mother, then the burden would have been placed upon him and those claiming through him to prove payment. Where no such debt is shown, the abhorrence of the law to the requirement of proof of a negative will not permit a decision demanding either proof of nonexistence of a debt or proof of the debt and payment thereof as a condition precedent to the vesting of the estate.

Little more can profitably be added to that which the learned auditor said in his discussion of the ap-

plicable law set forth in his report. He is to be commended not only for the painstaking manner in which he disposed of the problem which formed the basis of the exceptions, but also the numerous other legal problems involved in the distribution to which no exceptions were taken.

The thoroughness of the auditor furnishes an example worthy of emulation by all those called upon to serve in a similar capacity. It is understandable that counsel for the opposing side saw fit to rely on the learned auditor's report and refrain from filing a brief.

We conclude that the learned auditor correctly decided the issues involved and the exception must, therefore, be dismissed.

And now, December 31, 1957, at 2 p. m., for the reasons given in the foregoing opinion, the exceptions to the auditor's report filed in the above captioned estate are overruled and dismissed, and payment of costs and the distribution of the balance directed in conformity to the schedules set forth in the auditor's report. An exception is noted to this ruling.