## Strunk Estate.

Argued May 3, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

re-argument refused August 8, 1973.

*Kingsley A. Jarvis,* for appellant.

*Walton B. Yoder, Jr.,* for appellee.

OPINION BY MR. JUSTICE EAGEN, July 2, 1973:

Robert A. Strunk, Sr. (decedent), died intestate on August 2, 1970, survived by his wife, Leona G. Strunk, and his son, Robert A. Strunk, Jr.

Letters of administration were granted to the wife who subsequently filed an inventory[1] of the estate showing only real estate, valued at $25,000, in Spring City, Pennsylvania, as the sole asset of the decedent.

---

[1] Robert A. Strunk, Jr., petitioned the Court of Common Pleas of Montgomery County for a citation upon Leona A. Strunk, administrator, to show cause why she should not file a just and true inventory of the assets of the said deceased. The court then ordered her to file such an inventory.

Robert A. Strunk, Jr. (appellant) filed objections to the inventory in the Court of Common Pleas of Montgomery County, claiming the decedent owned a truck leasing company under a resulting trust, stock in a truck leasing corporation, a Lincoln Continental automobile, and that the real estate should be valued at more than $25,000.

After the hearing, Judge TAXIS dismissed the objections to the inventory and this appeal followed.

Initially, the propriety of such procedure must be determined. In *Rogers Estate,* 379 Pa. 494, 495, 496, 108 A. 2d 924, 925 (1954), we said: "In the settlement of a decedent's estate disputed title to property should not be determined upon exceptions to an inventory and appraisement which happens not to include the property claimed on behalf of the estate. The function and object of an inventory and appraisement in a decedent's estate is to fix *presumptively* the existence of property in the possession of the fiduciary and the value thereof. This is only *prima facie* evidence of ownership and value. Such listing does not affect the true ownership and value: Stewart's Estate, 137 Pa. 175, 20 A. 554; Moore's Estate (No. 1), 211 Pa. 338, 60 A. 987; Herman's Estate, 226 Pa. 543, 75 A. 731; Fleming's Estate, 10 Dist. 259 (PENROSE, J.). The question of ownership is of interest to creditors, federal and state taxing authorities, and others. Such title, therefore, should not be finally determined until after an audit, with due statutory notice, and the determination by the orphans' court whether or not a substantial issue of fact exists."

Since we have not had an audit, "at this stage of the proceedings we need not resolve appellant's claim because the dismissal of appellant's objections to the inventory is not a final decree determining ownership of property, and hence is not appealable." *Nunnamaker Estate,* 452 Pa. 467, 308 A. 2d 96 (1973).

Since the proper time for settling the claims of all creditors is at the audit and accounting of the estate,[2] this appeal is premature.[3]

Accordingly, the appeal is quashed and the matter remanded to the Orphans' Court Division of the Court of Common Pleas of Montgomery County for proceedings consistent with this opinion and the orderly administration of the decedent's estate.

Each party to pay own costs.

Mr. Justice NIX took no part in the consideration or decision of this case.

[2] Fiduciaries Act of 1949, Act of April 18, 1949, P. L. 512, Art. VI, §§611-623, 20 P.S. §§320.611-623, repealed and replaced, Act of June 30, 1972, No. 164, 20 P.S. §§3381-3393 (Supp. 1972).

[3] In *Donsavage Estate*, 420 Pa. 587, 590-91, n.3, 218 A. 2d 112, 116 n.3 (1966), the court permitted an appeal from objections to inventory, however, the decree in that case in addition to directing the filing of a supplemental inventory, directed the personal representative to charge herself with stock (i.e., to include certain stock in the inventory which was not stated in first filing). Here the objections to the inventory were dismissed.