## Nunnamaker Estate.

Argued April 26, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Harry R. Nixon,* with him *Robert M. John,* and *Schneider, Nixon & John,* for appellant.

*Robert K. Duffy,* with him *Duffy, North, Duffy and Wilson,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, July 2, 1973:

On December 20, 1970, Catherine E. Nunnamaker died leaving a will dated July 11, 1947, in which W. Franklin Nunnamaker, her husband and appellee here, was named as executor and sole beneficiary. Several months prior to decedent's death she and her husband had become estranged. The record shows that decedent and her husband had been owners of several savings accounts and a safe deposit box, all of which were titled in their joint names and held as tenants by the entirety. During October of 1970, the husband withdrew all of the assets from these accounts and the safe deposit box and transferred them to other accounts in his name alone, without the knowledge or consent of his wife.

In December, 1970, shortly before his wife's death, the husband separated from his wife and instituted an action for divorce in the Court of Common Pleas of Montgomery County. To protect her interests during this period, the decedent retained the services of appellant, A. Groh Schneider, as an attorney. Prior to Mrs. Nunnamaker's death, appellant and Mr. Nunnamaker's attorneys had been engaged in negotiating a property settlement. However, before any agreement could be reached Mrs. Nunnamaker died.

Decedent's will was admitted to probate in the Orphans' Court Division of the Montgomery County Court of Common Pleas on December 28, 1971, and letters testamentary were granted to appellee. He filed the inventory on January 24, 1972, and listed only four items of tangible personal property with a total value of $900.00. On February 17, 1972, appellant, claiming to be a creditor of the wife's estate for legal services rendered prior to her death, filed objections to the inventory. Appellant claimed that the husband-executor had failed to include in the inventory his wife's interests in the various savings accounts and other stocks and bonds, held by the entirety, which appellee had re-

moved from the joint accounts and the joint safe deposit box during decedent's lifetime.

A hearing was held on these objections before the orphans' court division and on December 6, 1972, the court entered a decree dismissing appellant's objections. Appellant then appealed. We now quash the appeal and remand to the orphans' court division.

Appellant argues that appellee's actions converting the entireties assets to his own account without the consent of his co-tenant constituted a "fictional" offer to terminate the tenancy by the entirety. He further contends that decedent's actions subsequent to the complaint in divorce filed by her husband constituted an acceptance of that "fictional" offer and thereby terminated all aspects of the tenancy by the entirety, entitling each party to half the assets of the tenancy. In these circumstances, argues appellant, the appellee holds one-half of the entireties property as a constructive trustee for the benefit of his spouse's estate.

At this stage of the proceedings we need not resolve appellant's claim because the dismissal of appellant's objections to the inventory is not a final decree determining ownership of property, and hence is not appealable. See *Donsavage Estate*, 420 Pa. 587, 590-91 n.3, 218 A. 2d 112, 116 n.3 (1966); cf. *Gramm Estate*, 420 Pa. 510, 218 A. 2d 342 (1966); *Parmer's Estate*, 237 Pa. 229, 85 Atl. 148 (1912).[1]

-------

[1] The Court in *Donsavage Estate*, 420 Pa. 587, 590-91 n.3, 218 A. 2d 112, 116 n.3 (1966), said that ". . . a decree directing the filing of an inventory is not appealable," basing its decision on *Parmer's Estate*, 237 Pa. 229, 85 Atl. 148 (1912). *Parmer's Estate*, held only that a "decree . . . directing the executors to file an account is not a final decree from which an appeal lies: . . ." Id. at 231, 85 Atl. at 148. The decree in *Parmer's Estate* and the decree here, dismissing appellant's objections to the inventory, are procedurally analogous and must be treated identically for purposes of appellate review. Compare *Williams' Estate*, 338 Pa. 98, 12 A. 2d 103 (1940).

In *Roger's Estate,* 379 Pa. 494, 495-96, 108 A. 2d 924, 924-25 (1954), when presented with a similar situation, this Court said: "In the settlement of a decedent's estate disputed title to property should not be determined upon exceptions to an inventory and appraisement which happens not to include the property claimed on behalf of the estate. The function and object of an inventory and appraisement in a decedent's estate is to fix *presumptively* the existence of property in the possession of the fiduciary and the value thereof. This is only *prima facie* evidence of ownership and value. Such listing does not affect the true ownership and value: *Stewart's Estate,* 137 Pa. 175, 20 A. 554; *Moore's Estate (No. 1),* 211 Pa. 338, 60 A. 987; *Hermann's Estate,* 226 Pa. 543, 75 A. 731; *Fleming's Estate,* 10 Dist. 259 (PENROSE, J.). The question of ownership is of interest to creditors, federal and state taxing authorities, and others. Such title, therefore, should not be finally determined until after an audit, with due statutory notice, and the determination by the orphans' court whether or not a substantital issue of fact exists." Accord, *Higbee v. Koziol,* 383 Pa. 116, 117 A. 2d 707 (1955).

The trial court, in its opinion purported to determine the title to the questioned assets. However, our cases hold that it is not appropriate to make that determination on objections to inventory. Since title to the disputed assets is not adjudicated at the inventory juncture of the administration of the decedent's estate, this appeal is premature. See Act of July 31, 1970, P. L. 673, art. II, §202, 17 P.S. §211.202 (Supp. 1972).[2]

---

[2] The proper time for settling the claims of all creditors is at the audit and accounting of the estate. Fiduciaries Act of 1949, Act of April 18, 1949, P. L. 512, Art. VI, §§611-623, 20 P.S. §§320.611-623, repealed and replaced, Act of June 30, 1972, P. L. 508, 20 Pa.S. §§3381-93 (Supp. 1972); see 2 Hunter, Pennsylvania Orphans' Court Commonplace Book 20-21 (1959).

Accordingly, the appeal is quashed and the matter remanded to the Orphans' Court Division of the Court of Common Pleas of Montgomery County for proceedings consistent with this opinion and the orderly administration of the decedent's estate.

Each party to pay own costs.