**In re ESTATE OF Nancy D. SNYDER, Deceased.**

**Appeal of Robert Kerry Kalmbach.**

Superior Court of Pennsylvania.

Submitted Nov. 22, 2010.

Filed Jan. 14, 2011.

Robert K. Kalmbach, Kennett Square, for appellant.

David C. Patten, West Chester, for Snyder, participating party.

BEFORE: BOWES, DONOHUE, and MUNDY, JJ.

OPINION BY MUNDY, J.:

Appellant, Robert Kerry Kalmbach, appeals the decree entered on September 3, 2010, in the Court of Common Pleas of Chester County Orphans' Court, which declared his claims against the estate of Nancy D. Snyder (decedent) barred by the 20–year statute of limitations set forth in 42

Pa.C.S.A. § 5529. Upon review, we affirm.

The relevant facts and procedural history, as set forth by the trial court, are summarized as follows.

Decedent Nancy D. Snyder died intestate on June 11, 2008. At the time of her death[,] decedent owned real property located at 726 Scotch Way, East Bradford Township, Chester County Pennsylvania (the "Property"). Previously on May 27 and 28, 1987, decedent had executed two bond and warrants, in the amounts of twenty thousand ($20,000.00) dollars and six thousand ($6,000.00) dollars respectively, payable to R. Kerry Kalmbach, Esquire[, Appellant]. These debts represented amounts due for legal services previously rendered by [Appellant]. Both of the bond and warrants required payment in full on or before July 1, 1987. Each bond and warrant was secured by a separate mortgage on the Property, executed on the applicable respective date. All four of these documents were executed under seal. Both mortgages were duly recorded; the $6,000 mortgage was recorded on September 9, 1987 and the $20,000 mortgage was recorded on November 24, 1992. There is no competent evidence that Ms. Snyder made any payment on these obligations, or that [Appellant] made demand for payment or instituted any legal proceedings to enforce payment, for a period in excess of twenty (20) years, prior to 2010.

. . .

[Appellant] filed a claim against decedent's estate on February 11, 2010[,] claiming amounts in excess of $122,000 under the $20,000 mortgage and in excess of $20,000 under the $6,000 mortgage. On March 12, 2010, the Administrator of decedent's estate, Marc I. Snyder filed a Petition for Declaratory Decree pursuant to 42 Pa.C.S. § 7535, seeking the [trial court]'s determination that [Appellant]'s claims were no longer valid.[1] The [trial court] held a hearing on the petition on May 12, 2010. The parties filed post hearing memoranda. By Decree dated May 20, 2010, the [trial court] found that [Appellant]'s claims were time barred due to decedent's failure to make any payment, and [Appellant]'s failure to take any action to enforce payment, for over twenty (20) years.

---

[1] Rather than declaratory judgment, the better practice would have been for the Administrator to have filed an accounting and [Appellant] to have filed an appropriate objection to that accounting. 20 Pa.C.S. §§ 3386 and 3501.1; C.C.O.C.R. no. L6.10A.–C.; *In Re: Estate of Strunk*, 453 Pa. 19, 22, 307 A.2d 839, 840 (1973) (the proper time to settle claims of creditors is at the audit and accounting of the estate).

Trial Court Opinion, 8/13/10, at 1–2; Certified Record (C.R.) at 28. On June 17, 2010, Appellant filed a timely notice of appeal.[1] C.R. at 21. The trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied. The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on August 13, 2010.

On appeal, Appellant raises the following two issues for our review.

A. Did the [trial] court err in ruling that 42 Pa.C.S.A. § 5529 relates to recorded mortgages that are not in-

---

1. In an order entered on September 3, 2010, the trial court certified that the decree entered on May 20, 2010, was a final decree. *See* Pa.R.A.P. 342 (indicating an orphan's court order determining an interest in real estate is appealable upon a determination of finality).

volved in a foreclosure action but a lien of a decedent's real estate?

B. Did the [trial] court err in prohibiting Appellant from presenting any testimony or evidence that a payment had been made tolling the statute of limitations and that no execution took place at the specific request of decedent and presenting relevant testimony and evidence as to the background, circumstances and facts of said mortgages from Appellant, decedant's [sic] ex-husband who signed a mortgage and note and her mother-in-law who made a payment on her behalf?

Appellant's Brief at 4.

When reviewing a declaratory judgment, our Supreme Court has determined that appellate courts in this jurisdiction "are limited to determining whether the trial court committed a clear abuse of discretion or an error of law." *Vanderhoff v. Harleysville Ins. Co.*, 997 A.2d 328, 332–333 (Pa.2010) (citation omitted). "An appellate court may not substitute its judgment for that of the trial court if the determination of the trial court is supported by competent evidence." *Vernon Tp. Volunteer Fire Dept., Inc. v. Connor*, 579 Pa. 364, 855 A.2d 873, 879 (2004). In further clarifying the principles that we must apply when reviewing a declaratory judgment, we have explained the following.

> When reviewing the determination of the trial court in a declaratory judgment action, our scope of review is narrow. *Palladino v. Dunn*, 361 Pa.Super. 99, 521 A.2d 946, 948 (1987); *Supp v. Erie Insurance Exchange*, 330 Pa.Super. 542, 479 A.2d 1037 (1984). As declaratory judgment actions follow the practice and procedure of an action in equity, we will review the determination of the court below as we would a decree in equity and set aside the factual conclusions of the trial court only where they are not supported by adequate evidence. *Palladino*, 521 A.2d at 948. However, when reviewing an issue of law in a declaratory judgment action, our scope of review is plenary and our standard of review is *de novo.* *Wimer v. PEBTF*, 595 Pa. 627, 939 A.2d 843, 850 (2007).

*Missett v. Hub Intern. Pennsylvania, LLC*, 6 A.3d 530, 534 (Pa.Super.2010).

In his first issue, Appellant argues that the trial court erred by applying to the two mortgages at issue in this case the 20–year statute of limitations set forth in 42 Pa. C.S.A. § 5529(b)(1). Appellant's Brief at 9. According to Appellant, neither the 20–year statute of limitations relating to "instrument[s] in writing under seal" nor the four-year statute of limitations for "negotiable or nonnegotiable bond[s], note[s], or other similar instrument[s] in writing" applies herein.[2] *Id.* Appellant contends that these statutes of limitation are inapplicable "because both mortgages were recorded and became a secured lien against the real estate" and, "therefore, there was no action that was necessary to be commenced to obtain a judgment on the mortgages." *Id.* Appellant reasons that if the statute of limitations included in § 5529 is applied to the mortgages at issue, "then any recorded mortgage in excess of twenty years would be uncollectable." *Id.* In his argument, Appellant suggests that he should be able to collect on both mortgages despite (1) never foreclosing on either mortgage, and (2) first filing a claim more than 20 years after the date on which payment came due, as specified in the underlying instruments. *Id.*

---

2. Under 42 Pa.C.S.A. § 5525, "[a]n action upon a negotiable or nonnegotiable bond, note or other similar instrument in writing" must be commenced within four years.

With regard to instruments under seal, the General Assembly has made the decision to provide a 20–year statute of limitations. 42 Pa.C.S.A. § 5529(b)(1). Section 5529, **Twenty year limitation,** specifies the following in pertinent part.

> **(b) Instruments under seal.—**
>
> (1) Notwithstanding section 5525(7) (relating to four year limitation), an action upon an instrument in writing under seal must be commenced within 20 years.

*Id.* In addition, "this [C]ourt has held, in accord with many cases written by our Supreme Court, that when a party signs [an instrument] which contains a pre-printed word 'SEAL,' that party has presumptively signed [an instrument] under seal." *Beneficial Consumer Discount v. Dailey,* 434 Pa.Super. 636, 644 A.2d 789, 790 (1994), *citing Klein v. Reid,* 282 Pa.Super. 332, 422 A.2d 1143 (1980).

█ In the case *sub judice,* the trial court found that the 20–year statute of limitations set forth in § 5529(b)(1) prevented Appellant from collecting against the decedent's estate based upon either the $20,000.00 mortgage or the $6,000.00 mortgage, both of which secure the underlying bond and warrant guaranties executed as payment for Appellant's legal services. Trial Court Opinion, 8/13/10, at 3–4. We agree with the trial court's conclusion.

Our review of the certified record before us reveals that each of the pertinent instruments in this case is properly classified as "an instrument in writing under seal[.]" 42 Pa.C.S.A. § 5529(b)(1). We begin by noting that all documents pertinent to this case qualify as "instruments" because each document defines the rights, duties, enti-

tlements, and liabilities of the parties involved. *See Black's Law Dictionary* 813 (Brian A. Garner ed., 8th ed. 2004) (stating that an instrument is "[a] written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note," or "in fact, any written or printed document that may have to be interpreted by the Courts"). In addition, the documents memorializing both the $6,000.00 mortgage and the $20,000.00 mortgage, along with the documents memorializing the two bond and warrant securities underlying each mortgage, categorically specify that each instrument was signed under seal. C.R. at 10, Petition for Declaratory Relief, Exhibits A, B, C, and D. Because each document specifies that it is under seal, our law presumes that the signatories of each document have, in fact, signed an instrument under seal. *See Beneficial Consumer Discount, supra* at 790. Thus, the statute of limitations set forth in § 5529(b)(1) is the applicable limitations period for the facts of this case. As the trial court correctly noted, "the plain language of [§ 5529(b)(1) ] applies it to any 'instrument in writing under seal' without exception." [3] Trial Court Opinion, 8/13/10, at 4. Consequently, Appellant's suggestion that no statute of limitations is applicable to his claim is devoid of merit.

█ Furthermore, the trial court correctly determined that the 20–year statute of limitations pursuant to § 5529(b)(1) bars Appellant's ability to recover based on the two mortgage liens at issue. As specified in each bond and warrant, full payment of both debts was due on July 1, 1987. C.R. at 10, Petition for Declaratory Relief, Ex-

---

3. Appellant expresses a concern that by applying this statute of limitations to mortgages, this Court risks invalidating any mortgage securing a payment obligation extending beyond 20 years. Appellant's Brief at 9. This

claim has no basis. As the trial court correctly determined, "[§ 5529(b)(1) ] would bar recovery, on a mortgage, as in this case, only twenty (20) years after default." Trial Court Opinion, 8/13/10, at 5.

hibits A and C. Thus, when the decedent failed to satisfy her payment obligations as of July 1, 1987, the 20–year statute of limitations under § 5529(b)(1) began to run. Accordingly, the limitations period expired in July of 2007. Because Appellant commenced his action on February 11, 2010, we conclude that his claim is time barred.

In addition, it is well settled in this Commonwealth that, although each is a distinct security, "[t]he payment of either a mortgage or [an underlying] bond discharges both, 'and a release or extinguishment of either, without actual payment, is a discharge of the other, unless otherwise intended by the parties.'" *Morgan Guar. Trust Co. of New York v. Mowl*, 705 A.2d 923, 929 (Pa.Super.1998), *appeal denied*, 556 Pa. 693, 727 A.2d 1121 (1998), *citing Price v. Geller*, 292 Pa.Super. 455, 437 A.2d 763, 764 (1981)(*quoting* the seminal case of *Fleming v. Parry*, 24 Pa. 47 (1854)). Despite Appellant's argument that the statute of limitations under § 5529(b)(1) is inapplicable to a mortgage lien, we note that the same statute of limitations applies to all claims arising under the two underlying bond and warrant securities. As such, all claims arising pursuant to the underlying bond and warrant securities became time barred in July of 2007, which is 20 years from the date when the decedent became obligated to make full payment on the debt. C.R. at 10, Petition for Declaratory Relief, Exhibits A, B, C, and D. Although Appellant's action concerns the two mortgage liens securing the underlying bond and warrant guaranties, his argument neither disputes this central point nor provides any intimation that the parties intended the mortgage liens to be considered separate from the underlying debts. As such, we determine that once the statute of limitations expired for claims regarding the two bond and warrant securities, those instruments had been effectively extinguished and therefore the mortgage liens were simultaneously discharged. *See Morgan Guar. Trust Co.*, *supra* at 929. Therefore, we conclude that Appellant cannot collect the debt on the two mortgage liens because he filed his action **after** the statute of limitations expired for the underlying instruments that were secured by those liens.[4]

In his second and final issue, Appellant contends that the trial court erred in applying the Dead Man's Rule to preclude him from testifying. Appellant's Brief at 12. Appellant argues that "[he] could have offered satisfactory and convincing evidence to rebut the presumption of payment" and to prove the statute of limitations was tolled. *Id.* at 12. According to Appellant, the decedent's mother-in-law, Bess Halpren, made a payment on the debt and thus tolled the statute of limitations before the 20 years expired. *Id.* at 10. Appellant also asserts that the decedent "continually acknowledge[d] the debt" during her lifetime and assured him that he would receive full payment when decedent's condominium was eventually sold, such statements also serving to toll the statute of limitations. *Id.* at 11–12.

---

4. We note that as an alternative basis for its decision, the trial court cites the common law rule decreeing that there is a strong presumption of payment for a mortgage or debt "unclaimed and unrecognized for 20 years[.]" *Northeast Alumni Bldg. and Loan Ass'n v. Schreiber*, 398 Pa. 425, 158 A.2d 773, 775 (1960). This presumption "may be rebutted only by clear, satisfactory and convincing evidence beyond that furnished by the specialty itself, that the debt has not been paid, or by proof of circumstances tending to negative the likelihood of payment *and sufficiently accounting for the delay of the creditor." Id.* (emphasis in original). We agree with the trial court's conclusion that this rule also bars Appellant's claims. Trial Court Opinion, 8/13/10, at 5.

The following standard guides our review of a trial court's evidentiary determinations.

> [O]ur standard of review in assessing the trial court's evidentiary rulings is extremely narrow. Such decisions are referred to the court's discretion, and will not be disturbed absent both error and harm or prejudice to the complaining party. *Potochnick v. Perry*, 861 A.2d 277, 282 (Pa.Super.2004). When legal issues such as the interpretation of a rule are concerned, "our standard of review is *de novo* and our scope of review is plenary." *Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 787 (Pa.Super.2006). We further note that "[t]he object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a).

*Kopytin v. Aschinger*, 947 A.2d 739, 744 (Pa.Super.2008), *appeal denied*, 600 Pa. 740, 964 A.2d 2 (2009).

 In Pennsylvania, the Dead Man's Rule is codified at 42 Pa.C.S.A. § 5930. "According to the Dead Man's Rule or Dead Man's Statute, surviving parties who have an interest which is adverse to decedent's estate are disqualified from testifying as to any transaction or event which occurred before decedent's death." *Zigmantanis v. Zigmantanis*, 797 A.2d 990, 995 (Pa.Super.2002); *see* 42 Pa.C.S.A. § 5930. We have explained the rationale underpinning the Dead Man's Rule as follows.

> The rationale behind the Dead Man's Act is that the law should not permit the surviving party to testify since he could lie and attempt to testify favorably to himself and adversely to the deceased party, knowing the other party is incapable of contradicting the fallacious testimony.

*Punxsutawney Municipal Airport Authority v. Lellock*, 745 A.2d 666, 670 (Pa.Super.2000).

Herein, we conclude that the trial court properly applied the Dead Man's Rule and prevented Appellant from testifying.[5] As a creditor, Appellant's interest is directly adverse to the interest of the decedent and her estate. Consequently, the Dead Man's Rule disqualifies Appellant from "testifying as to any transaction or event which occurred before decedent's death." *Zigmantanis, supra* at 995. As the trial court aptly found, "[t]his would include [Appellant's] proffered testimony of decedent's partial payment and of decedent's good faith intention to pay" as well as "the alleged events surrounding the creation and payment of the bond[s] and warrants and mortgages prior to decedent's death." Trial Court Opinion, 8/13/10, at 3, 6. Therefore, we conclude that the trial court did not commit an error of law or prejudice Appellant in any manner. *See Kopytin, supra* at 744.

For all of the foregoing reasons, we affirm the decree of the trial court.

Decree affirmed.

---

5. We note that, despite Appellant's suggestion to the contrary, "the only testimony proffered by [him] at the hearing was his own personal testimony[.]" Trial Court Opinion, 8/13/10, at 3; *see* N.T., 5/12/10, 2–4, 16. As such, Appellant offered no admissible evidence demonstrating that any payment had been made on the debt or that the decedent continually acknowledged the debt.