J-E03003-18

2019 PA Super 190

| ROBERT W. DRISCOLL, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN A. ARENA | : | No. 226 EDA 2017 |

Appeal from the Order Entered December 19, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  03288, May Term, 2016

| ROBERT W. DRISCOLL, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN A. ARENA | : | No. 228 EDA 2017 |

Appeal from the Order Entered December 30, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  03293, May Term, 2016

| ROBERT W. DRISCOLL JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| THOMAS ARENA | : | No. 286 EDA 2017 |

Appeal from the Order Entered December 14, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  03286 May Term 2016

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J.,
         LAZARUS, J., OTT, J., STABILE, J., DUBOW, J., and MURRAY, J.

J-E03003-18

CONCURRING AND DISSENTING OPINION BY OTT, J.:**FILED JUNE 17, 2019**

I concur with the Majority's conclusion that the trial court erred in determining Appellees' petition to strike confessed judgments as untimely due to procedural missteps.[1]  I respectfully dissent, however, from its determination that the documents constituted "sealed instruments" pursuant to 42 Pa.C.S. § 5529(b)(1), and therefore, the judgments were void on their face because the statute of limitations deprived the court of jurisdiction.

*Black's Law Dictionary* defines "seal" generally as "[a] design embossed or stamped on paper to authenticate, confirm, or attest; an impression or sign that has legal consequence when applied to an instrument."  *Black's Law Dictionary* 1550 (10th ed. 2014).  In **Beneficial Consumer Discount v. Dailey**, 644 A.2d 789 (Pa. Super. 1994), a panel of this Court stated:

> It is well-established that, although a vestige of the past, the contract under seal may still operate to lengthen the statute of limitation.  The [appellants] argue forcefully-and we do not think anyone would disagree-that an ordinary consumer transaction hardly represents the solemnity that was once envisioned by a party signing a contract under seal.  Yet, this [C]ourt has held, in accord with many cases written by our Supreme Court, that when a party signs a contract which contains a pre-printed word "SEAL," that party has presumptively signed a contract under seal.  **Klein v. Reid**, 422 A.2d 1143 (1980).

**Id**. at 790.[2]

---

[1] **See** Majority Opinion at 3-7.
[2] Generally speaking, a contract under seal operates to lengthen the statute of limitation and an instrument containing the word "seal" or its equivalent is

- 2 -

Here, as pointed out by the Majority, each of the promissory notes contains a paragraph entitled "Waiver" which includes the following language: "Borrower intends this to be a sealed instrument and to be legally bound hereby." **See** Majority Opinion at 9; Complaint in Confession of Judgment, 5/25/2016, at Exhibit A. The Majority finds this statement alone evinces the parties created a sealed instrument under which they intended to be bound. Majority Opinion at 9-10. I would conclude otherwise.

"[T]his [C]ourt has held, in accord with many cases written by our Supreme Court, that when a party signs [an instrument] which contains a pre-printed word 'SEAL,' that party has presumptively signed [an instrument] under seal." **In re Estate of Snyder**, 13 A.3d 509, 513 (Pa. Super. 2011) (citations omitted), *appeal denied*, 25 A.3d 329 (Pa. 2011). In finding that the trial court had properly classified each of the pertinent instruments before it as "an instrument in writing under seal" pursuant to 42 Pa.C.S. § 5529(b)(1), the panel first noted that all of the documents qualified as "instruments" because each defined the rights, duties, entitlements, and liabilities of the parties involved. **Id**. at 513, *citing Black's Law Dictionary* 813 (Brian A. Garner ed., 8th ed. 2004) (stating that an instrument is "[a] written legal document that defines rights, duties, entitlements, or liabilities, such as

---

deemed a sealed instrument if the maker adopts the seal through his or her signature. **See Swaney v. Georges Township Road District**, 164 A. 336 (Pa. 1932); **Collins v. Tracy Grill & Bar Corp.**, 19 A.2d 617 (Pa. Super. 1941).

a contract, will, promissory note," or "in fact, any written or printed document that may have to be interpreted by the Courts").

This Court stressed the documents memorializing both a $6,000.00 mortgage and a $20,000.00 mortgage, along with the documents memorializing the several bond and warrant securities underlying each mortgage, "categorically specif[ied] that each instrument was signed under seal." *In Re Estate of Snyder*, 13 A.3d at 513. The panel concluded that "[b]ecause each document **specifies** that **it is under seal**, our law presumes that the signatories of each document have, in fact, signed an instrument under seal." *Id.* (emphasis added), *citing* **Beneficial Consumer**, 644 A.2d 790. Therefore, the panel held the 20-year statute of limitations time period set forth in Section 5529(b)(1) was the applicable limitations period for the facts in that case. *Id*. Similarly, in **Osprey Portfolio, LLC v. Izett**, 32 A.3d 793 (Pa. Super. 2011), the Pennsylvania Supreme Court noted the promissory note at issue "included a confession of judgment clause and stated that it was 'executed under seal' with the designation '(SEAL)' as part of the signature line." *Id*. at 274-75, 67 A.3d at 750.

To the contrary, in the matter *sub judice*, there is no language anywhere thereon to indicate the notes had been "signed under" or "given under seal," nor does the pre-printed word "SEAL" or other such mark appear anywhere near either of the Appellees' signatures. Furthermore, Appellant cited to no case law, nor has our research uncovered any, to support the position that

the single reference buried in the "Waiver" paragraph of the promissory notes that Appellees intend the documents to be sealed instruments is sufficient to presumptively create a sealed instrument.[3]

While the Majority finds the language in the "Waiver" paragraph overcomes such a burden of presumption with respect to a sealed instrument because **Beneficial Consumer** did "not hold that the word 'seal' by the signature line is required"[4] and was "silent on the circumstances before us – an explicit statement of the parties' intent within the contract unaccompanied by any mark at the signature line,"[5] I would decline to expand the legal effect of the contractual language to such an extent without more evidence. The "Waiver" paragraph is one of nine paragraphs contained in the promissory notes. It is located on the top of the second page of contract, and states in full:

> WAIVER. The Borrower hereby waives presentment for payment, demand, notice of nonpayment, notice of protest and protest of this Promissory Note and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Promissory Note. The failure by Lender to exercise any right or remedy shall not be taken to waive the exercise of the same thereafter for the same or any subsequent default. All notices to Borrower shall be adequately given if mailed postage prepaid to the addresses appearing in Lender's records. Borrower intends this to be a sealed instrument and to be legally

---

[3] **See** Trial Court Opinion, 12/14/2016, at 11.

[4] Majority Opinion at 11.

[5] **Id.**

bound hereby. All issues arising hereunder shall be governed by the laws of Pennsylvania.

Complaint in Confession of Judgment, 5/25/2016, at Exhibit A. As noted above, the "sealed" language and any reference to such intention to be sealed is not included in any portion of the remainder of promissory note. An "intention" that something is to be a sealed instrument does not mean that it, in fact, is one, for "what statute of limitations will apply to instruments under seal if a seal is, for all purposes, not only surplusage but also meaningless?" *Toll v. Pioneer Sample Book Co.*, 94 A.2d 764, 766 (Pa. 1953); *see also Packer Soc. Hill Travel Agency*, *supra*.

As noted by the Majority, "[t]he paramount goal of contractual interpretation is to ascertain and give effect to the intent of the parties." *N.E.A. Cross, Inc. Nat'l Fuel Gas Supply Corp.*, 600 A.2d 228, 229 (Pa. Super. 1991), *appeal denied*, 608 A.2d 31 (Pa. 1992). The Majority also determined the statement in the "Waiver" paragraph represented an explicit assertion of the parties' intent for the contract to be under seal. Without an evidentiary hearing or other evidence regarding the issue, I am disinclined to come to such a factual conclusion regarding the parties' intent with respect to that statement, particularly because it was only included in the "Waiver" paragraph and not repeated somewhere else in the document.[6]

---

[6] It merits mention with regard to Appellant's complaint, he attached two letters from his legal counsel to Appellees regarding the promissory notes and

Moreover, I would find that, reading the contract as a whole, such a sparse reference to the word, "sealed," "hardly represents the solemnity that [could be] envisioned by a party signing a contract under seal." ***Beneficial Consumer***, 644 A.2d at 790. I do not believe that lenders should be permitted to lengthen the statute of limitations merely by adding the language contained in the "Waiver" paragraph of the promissory note at issue. Such a determination will have legal ramifications for all commercial loan transactions and should not be made on a trial court record that is devoid of any testimony as to the intent of the parties.

Accordingly, I would not disturb the trial court's finding that the omission or absence of the word SEAL or initials L.S. at or near the signature block is a necessary requirement for a promissory note to be a sealed instrument and, therefore, the 20-year statute of limitations under Section 5529(b)(1) for instruments in writing under seal is inapplicable.

Judge Lazarus joins this concurring and dissenting opinion.

---

Appellant's own affidavit. ***See*** Complaint in Confession of Judgment, 5/25/2016, at Exhibits C and D. None of these documents refer to the promissory notes as sealed instruments.